1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    WESTWOOD HOMES, INC., et al.,          No.  2:25-cv-1917-CKD

12              Plaintiffs,

13         v.                                PRETRIAL SCHEDULING ORDER

14    COUNTY OF SACRAMENTO, et al.,

15              Defendants.

16

17         READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES THAT

18    THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND

19    PARTIES MUST COMPLY.  FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER

20    MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER APPROPRIATE

21    SANCTIONS, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

22         After all parties consented to the jurisdiction of a United States Magistrate Judge for all

23    purposes pursuant to 28 U.S.C. § 636(c), this action was assigned to the undersigned for all

24    further proceedings and entry of final judgment. (ECF No. 8.)  Having considered the parties'

25    joint status report and joint discovery plan (ECF Nos. 10, 13)[1], the court issues the following

26

27    [1] The Court altered the parties' proposed deadline to file dispositive motions on or before
      September 1, 2026. Instead, all law and motion, except as to discovery-related matters, shall be
28    filed and noticed to be heard no later than October 7, 2026.

                                            1

1   pretrial scheduling order.

2   NATURE OF THE CASE

3   In 2016, the Sacramento County Planning Commission issued a Special Development

4   Permit ("SPD") and a Tentative Subdivision Map about real property owned by Plaintiffs,

5   authorizing division of a single lot into single-family lots with a common area.  County of

6   Sacramento staff reviewed and approved site plans, and further approved the issuance of building

7   permits for the first five of eight planned units.  Subsequently, the County alleges it discovered

8   that architectural elements from the three remaining single-family lots encroach into the common

9   area and a utility easement.  The parties dispute whether the encroachments were approved and

10  are permissible under the site plans, application of the Residential Code to the development,

11  whether the County can permissibly withhold permits for further development until the

12  encroachments are removed, whether the County and its employees impermissibly and

13  unconstitutionally conditioned issuance of the remaining permits on approvals of third parties,

14  and whether the denial of permits for the remaining lots for an approximate two (2) year period

15  was wrongful and constituted a taking of Plaintiffs' property rights.

16  SERVICE OF PROCESS

17  Defendants removed this case from state court.  No further service is permitted except

18  with leave of Court, good cause having been shown.

19  JOINDER OF PARTIES/AMENDMENT OF PLEADINGS

20  Defendants have answered Plaintiffs' complaint. No further joinder of parties is permitted

21  except with leave of Court, good cause having been shown. Pursuant to the parties' agreement

22  and proposal in the joint discovery plan, the last day to seek leave to amend pleadings is

23  December 1, 2025.

24  JURISDICTION/VENUE

25  Jurisdiction and venue are undisputed, and are hereby found to be proper.

26  INITIAL DISCLOSURES

27  To the extent the parties have not already done so, the parties shall exchange initial

28  disclosures within 14 days of the date of this order.  Such disclosures shall include production of

2

1    any documents and other items required by Rule 26(a)(1)(A)(ii) that are within a party's

2    possession, custody, or control.

3              DISCOVERY DEADLINES, PROCEDURES FOR DISCOVERY DISPUTES

4              All non-expert discovery shall be completed[2] by **April 30, 2026.**  Any discovery-related

5    motions must conform to the requirements of the Federal Rules of Civil Procedure and this

6    Court's Local Rules, including Local Rule 251.  Judge Delaney generally hears civil motions on

7    Wednesdays at 10:00 a.m.

8              Prior to filing any discovery-related motions, the parties are required to meet and confer in

9    good faith in an attempt to resolve their discovery disputes informally and without court

10   intervention.  Such meet and confer shall take place in person, or at a minimum, via a telephonic

11   conference.  The mere exchange of letters or e-mails alone is not sufficient.  As part of their joint

12   statement related to a discovery motion submitted pursuant to Local Rule 251, the parties shall

13   also specifically outline: (a) what meet-and-confer efforts were undertaken; (b) when and where

14   such discussions took place; (c) who was present; and (d) how the parties' disputes were

15   narrowed as a result of such discussions.  Failure to comply with these requirements may result in

16   summary denial of any discovery motion.

17             The Court strongly encourages the use of informal telephonic discovery conferences with

18   the Court in lieu of formal discovery motion practice.  The procedures and conditions for

19   requesting and conducting such an informal telephonic discovery conference are outlined in

20   Judge Delaney's "Order re Informal Telephonic Conferences re Discovery Disputes," posted on

21   the Court's website at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/5055/.

22   Additionally, subject to the Court's availability, the Court will also rule on disputes encountered

23   at oral depositions, so as to avoid such depositions from breaking down.  In the course of the

24   deposition, the parties may contact Judge Delaney's courtroom deputy clerk at (916) 930-4004 to

25   inquire regarding Judge Delaney's availability.  However, the parties are cautioned that these

26

27   [2] "Completed" means (1) all discovery shall have been conducted so that all depositions have
     been taken and (2) any disputes related to discovery shall have been resolved by appropriate order
28   if necessary and, where discovery has been ordered, the order has been complied with.

1  informal procedures are not to be abused, and the Court may impose appropriate sanctions on an

2  offending party or parties, even in the course of informal discovery conferences.

3  <u>EXPERT DISCLOSURES AND DISCOVERY</u>

4  The parties shall disclose any expert witnesses in accordance with the specifications of

5  Federal Rule of Civil Procedure 26(a)(2) no later than **June 1, 2026**.  Any rebuttal expert

6  disclosures shall be made in accordance with the specifications of Federal Rule of Civil

7  Procedure 26(a)(2) no later than **July 1, 2026**.  Expert disclosures shall be filed with the Court

8  and served upon all other parties.  All expert discovery shall be completed (see fn. 3) by **August**

9  **3, 2026**.  The same procedures for fact–discovery disputes apply to expert–discovery disputes.

10  An expert witness not timely disclosed will not be permitted to testify unless the party

11  offering the witness demonstrates that: (a) the necessity of the witness could not have been

12  reasonably anticipated at the time that the expert disclosures were due; (b) the Court and opposing

13  counsel were promptly notified upon discovery of the witness; and (c) the witness was promptly

14  proffered for deposition.  Failure to provide the information required by Federal Rule of Civil

15  Procedure 26(a)(2) along with the expert disclosures may lead to preclusion of the expert's

16  testimony or other appropriate sanctions.

17  <u>LAW AND MOTION</u>

18  All law and motion, except as to discovery-related matters, shall be completed (i.e. heard)

19  by **October 7, 2026**.  Counsel and/or parties proceeding without counsel are cautioned to refer to

20  the Local Rules regarding the requirements for noticing such motions on the Court's regularly

21  scheduled law and motion calendar, including, but not limited to, Local Rule 230.  Judge Delaney

22  generally hears civil motions on Wednesdays at 10:00 a.m.  This paragraph does not preclude

23  motions for continuances, motions in limine related to trial, temporary restraining orders, or other

24  emergency applications, for which the Court may set a special briefing schedule, if necessary or

25  appropriate.

26  ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL

27  MOTION.  The purpose of law and motion is to narrow and refine the legal issues raised by the

28  case, as well as to dispose of those issues that are susceptible to resolution without trial by pretrial

4

1  motion.  To accomplish that purpose, the parties need to identify and fully research the issues

2  presented by the case, then examine those issues in light of the evidence obtained through

3  discovery.  If it appears to counsel after examining the legal issues and facts that an issue can be

4  resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and

5  motion cutoff set forth above.  Conversely, motions in limine are procedural devices designed to

6  address the admissibility of evidence.  THE COURT WILL LOOK WITH DISFAVOR UPON

7  SUBSTANTIVE MOTIONS PRESENTED UNDER THE GUISE OF MOTIONS IN LIMINE

8  AT THE TIME OF TRIAL.

9          FINAL PRETRIAL CONFERENCE/TRIAL SETTING

10         Plaintiff demands a jury trial.  The Court declines to set final pretrial conference and trial

11  dates at this juncture. Instead, the Court orders the parties to submit a Notice of Trial Readiness

12  on one of the following timelines:

13         A.  After resolution of any pending dispositive motions, the parties are to submit the

14              Notice not later than thirty (30) days after receiving the court's ruling(s) on the last

15              filed dispositive motion(s); or

16         B.  If the parties do not intend to file dispositive motions, the parties are ordered to file the

17              Notice not later than one hundred twenty (120) days after the close of discovery and

18              the notice must include statements of intent to forgo the filing of dispositive motions.

19  In the Notice of Trial Readiness, the parties are to set forth the appropriateness of special

20  procedures, their estimated trial length, any request for a jury, their availability for trial, and if the

21  parties are willing to attend a settlement conference.  The Notice shall also estimate how many

22  court days each party will require to present its case, including opening statements and closing

23  arguments. The parties' estimate shall include time necessary for jury selection, time necessary to

24  finalize jury instructions and instruct the jury. After review of the parties' Joint Notice of Trial

25  Readiness, the court will issue an order that sets forth dates for a final pretrial conference and

26  trial.

27  ////

28  ////

1    OBJECTIONS

2    Any objections to this pretrial scheduling order shall be filed within seven (7) days.

3    SETTLEMENT CONFERENCE

4    The parties state they are amenable to private mediation.  Should the parties in addition or

5    instead wish to conduct a settlement conference with another magistrate judge, they are to contact

6    the undersigned's courtroom deputy clerk to inquire as to the availability of another magistrate

7    judge for a settlement conference.

8    MODIFICATION OF THIS SCHEDULING ORDER

9    The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b)(4), this

10    order shall not be modified except by leave of court upon a showing of "good cause."  See

11    Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).  Mere agreement by the

12    parties pursuant to a stipulation does not constitute good cause.  Nor does the unavailability of

13    witnesses or counsel, except in extraordinary circumstances, constitute good cause.

14    Dated:  September 30, 2025

15    _____
      CAROLYN K. DELANEY
16    UNITED STATES MAGISTRATE JUDGE

17

18    8, west25cv1917.sched.o

19

20

21

22

23

24

25

26

27

28

6