UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WESTWOOD HOMES, INC., et al., | No.  2:25-cv-1917-CKD |
| Plaintiffs, | |
| v. | ORDER |
| COUNTY OF SACRAMENTO, et al., | |
| Defendants. | |

Plaintiffs Curtis Westwood, Deborah Westwood and Westwood Homes, Inc., initiated this action in the Sacramento County Superior Court in 2022. (ECF No. 1-1.) Defendants County of Sacramento and Sacramento County Board of Appeals filed a notice of removal on July 8, 2025. (ECF No. 1.) Pursuant to the parties' consent and the court's minute order on July 23, 2025, this case is before the undersigned for all further proceedings including entry of final judgment. (ECF No. 8.)

Plaintiffs' motion for leave to file a second amended complaint is before the court. (ECF No. 16.) This matter is suitable for decision without oral argument and is submitted upon the briefs and records on file. See Local Rule 230(g). Accordingly, the hearing set for January 21, 2026, is vacated. As set forth below, the motion is denied because plaintiffs have not met applicable state law time limitations for serving new defendants.

////

1

**I.    Background**

Plaintiffs allege the Sacramento County Planning Commission issued a Special Development Permit ("SPD") authorizing development of eight single unit condominiums on their property in 2016. (ECF No. 1-3, ¶ 10.) They bring claims arising from the County's denial of building permits for Lots 1, 2, and 3 on the stated ground that encroachments into commonly-owned areas and the Public Utility Easement constituted violations of the County's Building Code.[1] (Id., ¶ 15.)

Plaintiffs commenced this action in the state superior court on April 11, 2022. Plaintiffs initially brought two state law causes of action seeking writ of mandate and a third cause of action for inverse condemnation brought under the California and United States Constitutions. (ECF No. 1-1 at 2.) The initial complaint pleaded the existence of "Doe" defendants. (Id., ¶ 6.)

The state superior court denied the state law claims for writ of mandate on November 18, 2022, leaving the third cause of action.[2] On June 5, 2025, plaintiffs filed the operative first amended complaint in the state superior court bringing the following causes of action: (1) inverse condemnation under the California and United States Constitutions, (2) violation of substantive due process under 42 U.S.C. § 1983, and (3) violation of equal protection under 42 U.S.C. § 1983. (ECF No. 1-3.)

Defendants filed the notice of removal on July 8, 2025. (ECF No. 1.) Defendants answered the first amended complaint. (ECF No. 4 at 1.) Under the pretrial scheduling order, the last day to seek leave to amend pleadings was December 1, 2025. (ECF No. 15 at 2.) Plaintiffs

---

[1] The parties state they dispute the following issues as to those lots: "whether the encroachments were approved and are permissible under the site plans, application of the Residential Code to the development, whether the County can permissibly withhold permits for further development until the encroachments are removed, whether the County and its employees impermissibly and unconstitutionally conditioned issuance of the remaining permits on approvals of third parties, and whether the denial of permits for the remaining lots for an approximate two (2) year period was wrongful and constituted a taking of Plaintiffs' property rights." (ECF No. 10 at 2-3.)

[2] The court takes judicial notice of the existence of the December 28, 2022 order and the date on which plaintiffs filed the first amended complaint. See Fed. R. Evid. 201(b); Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002). This information is publicly available through the Sacramento Superior Court Civil Case Search Portal at https://prod-portal-sacramento-ca.journaltech.com/public-portal/[.]

filed the motion for leave to amend on that date. (ECF No. 16.)

Plaintiffs seek leave to amend to add the following two defendants in their individual capacities for the claims brought under 42 U.S.C. § 1983: Kelsey Johnson, Deputy County Counsel, and Lisa Travis, County Counsel. (ECF No. 17 at 1.) Plaintiffs argue documents released by the County of Sacramento indicate the proposed new defendants may have coordinated the treatment plaintiffs received because of personal animus. (Id. at 5.)

Defendants filed an opposition to the motion for leave to amend the complaint. (ECF No. 19.) They argue leave to amend should be denied because the proposed amendments are time-barred. (Id. at 2-11.) In particular, defendants note California's three-year "Doe" period expired months before the motion for leave to amend was filed. (Id. at 2, 9-11.)

Plaintiffs filed a reply. (ECF No. 20.) They argue (1) defendants lack standing to raise futility arguments on behalf of new parties (ECF No. 20 at 3-4); (2) the statute of limitations should be equitably tolled as to the proposed individual defendants (id. at 4-7); and (3) California law does not require strict application of California Code of Civil Procedure § 474 regarding adding parties (id. at 7-8).

**II.    Legal Standard**

When a party may not amend as a matter of course, that party "may amend ... only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts in the Ninth Circuit consider the following factors: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended its complaint." Ascon Properties, Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) (citation omitted); see also Foman v. Davis, 371 U.S. 178, 182 (1962). Absent prejudice or a strong showing of another factor, there exists a presumption in favor of granting leave to amend. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

**III.    Discussion**

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Amendment to add the proposed individual defendants would be futile here because plaintiffs have not met state law time limitations

applicable to this case for serving the proposed individual defendants. See, e.g., Platt Elec. Supply, Inc. v. EOFF Elec., Inc., 522 F.3d 1049, 1060 (9th Cir. 2008) (because Platt's claims are barred by the statute of limitations, any amendments would have been futile").

The parties agree the applicable statute of limitations for the claims under 42 U.S.C. § 1983 is two years. See The Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 701 (9th Cir. 2009) ("Claims under § 1983 are subject to the state statute of limitations for personal injury claims. In California, that state rule is two years[.]"). The parties also agree this court should apply California's relation-back standards rather than Rule 15(c) of the Federal Rule of Civil Procedure. See Merritt v. County of Los Angeles, 875 F.2d 765, 768 (9th Cir. 1989).

Taken together, California Code of Civil Procedure Sections 474 and 583.210 (previously § 581a) specify "a plaintiff who names a Doe defendant in his complaint and alleges that the defendant's true name is unknown has three years from the commencement of the action in which to discover the identity of the Doe defendant, to amend the complaint accordingly, and to effect service of the complaint." Lindley v. Gen. Elec. Co., 780 F.2d 797, 799 (9th Cir. 1986) (citing Cal. Civ. Proc. Code §§ 474, 581a). "[U]nder California law, a plaintiff's failure to identify and serve fictitious defendants within three years of the date the complaint is filed bars any later action against those defendants." Mike Silverman & Assocs. v. Drai, 659 F. Supp. 741, 744 (C.D. Cal. 1987).

Plaintiffs correctly argue California law does not require strict application of California Code of Civil Procedure § 474. See Lindley, 780 F.2d at 801. That is, courts allow relation back in the absence of strict requirement with the procedure, such as, for example, when "[t]he amended complaint adds… a defendant but does not identify him as a substitute for a previously named fictitious defendant." Woo v. Superior Ct., 75 Cal. App. 4th 169, 176 (1999). Plaintiffs have adequately complied with Section 474 of the California Code Of Civil Procedure.

However, plaintiffs have not complied with Section 583.210 of the California Code Of Civil Procedure, which contains a time limit on serving defendants with process. See Cal. Civ. Proc. Code § 583.210. Specifically, the summons and complaint must be served within 3 years of filing the complaint, and proof of service of summons must be filed within 60 days after the 3-

4

year period expires. Cal. Civ. Proc. Code § 583.210. Like Section 474, Section 583.210 is applicable to Doe defendants as part of California's substantive limitations scheme. See Lindley, 780 F.2d at 799. Because plaintiffs filed their initial complaint on April 11, 2022, they were obligated under Section 583.210 to serve the proposed individual defendants no later than April 11, 2025. Plaintiffs' claims against the proposed individual defendants are time-barred due to failure to serve within the statutory three-year period required by Section 583.210. See Lindley, 780 F.2d at 799.

Plaintiffs argue the statute of limitations should be equitably tolled as to the proposed new defendants. (ECF No. 20 at 4-7.) They argue equitable tolling is a fact intensive issue more appropriately determined at a different stage of litigation. (Id. at 6.)

Equitable tolling of the statute of limitations cannot save plaintiffs from expiration of the time limit contained in Section 583.210 of the California Code of Civil Procedure. See Tzolov v. Int'l Jet Leasing, Inc., 214 Cal. App. 3d 325, 327 (Ct. App. 1989) (rejecting argument that a plaintiff's legal incompetence tolled the provisions of Section 583.210). The purpose of the statute of limitations is distinct and apart from that of the time limit contained in Section 583.210 for service. Damjanovic v. Ambrose, 3 Cal. App. 4th 503, 509 (1992). Dismissal for failure to make timely service is "mandatory and… not subject to extension, excuse, or exception except as expressly provided by statute." Cal. Civ. Proc. Code § 583.250(b); see also Mike Silverman & Assocs. v. Drai, 659 F. Supp. 741, 745 n. 6 (C.D. Cal. 1987) (rejecting argument that Section 583.210 should be given a "flexible" interpretation).

Thus, the circumstances plaintiffs argue in favor of equitable tolling do not toll the time limit of Section 583.210 of the California Code of Civil Procedure. "Because identification of the Doe defendant is long since time-barred, amendment is futile and should be denied." Lavery v. Dhillon, No. 213CV2083-MCE-AC-P, 2018 WL 1426339, at *3 (E.D. Cal. Mar. 22, 2018) (finding claims against new defendants time-barred under Section 583.210), report and recommendation adopted, No. 2:13-CV-2083 MCE AC P, 2018 WL 2984570 (E.D. Cal. June 14, 2018); see also Chatoian v. Cnty. of Marin, No. C04-02790-MJJ, 2007 WL 4557792, at *5 (N.D. Cal. Dec. 21, 2007) (same).

**IV.     Order**

In accordance with the above, IT IS ORDERED as follows:

1.  The hearing set for January 21, 2026, is VACATED; and

2.  Plaintiffs' motion for leave to amend the complaint (ECF No. 16) is DENIED.

Dated:  January 15, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, west25cv1917.r15.ccp

6